# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ERIK BUCHLER, § | |
| § | |
| Plaintiff, § | Civil Action No. |
| § | |
| v. § | |
| § | |
| DISCOVER BANK, its successor and/or assigns, § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S COMPLAINT

**NOW COMES, ERIK BUCHLER,** Plaintiff, and hereby files this his Complaint against DISCOVER BANK, as Defendant, and in support thereof would respectfully show unto the Court as follows:

### I.

### JURISDICTION

1. This is an action brought by a consumer that is based on violations of the Fair Credit Reporting Act (15 U.S.C. §1681 *et seq*. [hereinafter "FCRA"]), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d), and 28 U.S.C. §§1331, 1337.

### II.

### VENUE

2. The Defendant conducts business within the geographic region subject to the jurisdiction of this Court.

3. Venue is proper in the Northern District of Texas-Dallas Division, because Plaintiff is a resident of this Federal District.

### III.

### PARTIES

4.  Plaintiff is a natural person residing in the City of Dallas, Dallas County, Texas, at 5349 Amesbury Dr., Apt. 207, Dallas, Texas 75206

5.  Defendant, Discover Bank ("Discover"), is a national banking institution and student loan servicing company, whose principal offices are located in the State of Utah, and who regularly conducts and transacts business in the State of Texas with sufficient minimum contacts. Defendant Discover may be served with process by serving its registered agent, United States Corporation Agents, Inc., 9900 Spectrum Drive, Austin, Texas 78717.

### IV.

### FACTUAL ALLEGATIONS

6.  On or about 2008-2013, Plaintiff applied for three (3) different student loans with Citibank related to his enrollment at Drexel University to pursue an undergraduate degree. The first loan was made for the school year 2008-2009 in the amount of $18,000.00; the second loan was made for school year 2011-2012 in the amount of $26,000.00; and the third loan was made for school year 2012-2013 in the amount of $30,000.00, which third loan is a variable interest rate, and each loan was used to pay for tuition and expenses. Plaintiff's mother, Stephanie Buchler, also co-signed for Plaintiff on each of these student loans. Shortly after disbursement, each of the loans was assigned to Defendant Discover. True and correct copies of the disbursement details for each loan are attached hereto marked Exhibit "A" and incorporated herein.

7.  On or about February 2014, after graduating from college, Plaintiff contacted Discover regarding repayment options for each of the student loans. Plaintiff informed Discover that he would be starting Law School in August 2014.

**PLAINTIFF'S COMPLAINT-ERIK BUCHLER**

8. Plaintiff further advised Discover that he would not be able to afford monthly payments to Discover while attending law school full time.

9. A representative of Discover told Plaintiff that it would not provide him with any option for deferment or forbearance unless it was due to an existing financial hardship.

9. Even though it was a difficult struggle, Plaintiff began making the monthly payments to Discover in the amount of $600.00 to $800.00 monthly.

10. On or about May 2014, Plaintiff was still making his monthly payments to Discover. Plaintiff called Discover again to discuss possible in-school deferment options as he was struggling to repay the loans and was about to go back to school in August 2014. A representative of Discover specifically told Plaintiff at that time that he would not be required to pay on the student loans while he was attending school and that none of the loans would accrue any interest while he was enrolled in school.

11. On or about June 2014, Plaintiff received a phone call from Discover informing him that his loan account would be going into deferment effective as of August 2014, when he returned to classes, and that the last student loan payment would be due in July 2014. Again,

12. Thereafter, Plaintiff enrolled in and attended law school from August 2014 through May 2018. During this time period, Plaintiff never received any written statements of any kind from Discover, nor did he receive any phone calls or inquiries from Discover demanding payments. Plaintiff was working on getting his law degree and was relying on Discover's representations that no payments would be due so long as was enrolled in school, and that no interest would be accruing so long as he was enrolled in school.

13. On or about May 2018, Plaintiff received a letter from Discover informing him that he would be required to begin making monthly payments on each of his student loans commencing

**PLAINTIFF'S COMPLAINT-ERIK BUCHLER**

in September 2018, due to the fact that Plaintiff was no longer enrolled as at least a half-time student.

14.     Plaintiff then called Discover to inquire as to why his deferment was being stopped and Discover responded that Plaintiff did not have enough credits to continue with an in-school deferment.

15.     On or about August 2018, Plaintiff received an invoice from Discover demanding payment for each of these student loans starting in September 2018.

16.     Plaintiff once again called Discover to inquire about how to lower the student loan payments or obtain a hardship deferment or forbearance due to the fact that he was only employed on a part-time basis and was unable to afford the monthly payments.

17.     Discover informed Plaintiff that a hardship would only lower the interest of the student loans, and that in order to receive an actual forbearance, Plaintiff would have to pay at least six (6) months of student loan payments.

18.     On or about January 2019, after Plaintiff faithfully made six (6) monthly payments for each of these student loans, Plaintiff called Discover to apply for the forbearance. At that time, Discover agreed to give Plaintiff a six(6) month forbearance and advised Plaintiff that his monthly student loan payments would not resume again until August 2019.

19.     On or about August 2019, Plaintiff called Discover and requested another six (6) month forbearance because Plaintiff was unemployed and searching for employment. Plaintiff was also preparing to sit for the state bar exam in February 2020.

20.     Discover advised Plaintiff that he was not eligible for another forbearance and that he would have to make the student loan payments for at least six (6) months in the amount of $1,269.99 per month before he could reapply for another forbearance.

**PLAINTIFF'S COMPLAINT-ERIK BUCHLER**

21. On or about January 2020, after Plaintiff had six (6) more months of student loan payments, Plaintiff called Discover again and requested another forbearance and was granted another six (6) month forbearance beginning in March 2020 and continuing until September 2020.

22. On or about October 2020, Plaintiff's monthly student loan payments became due again when he came out of the forbearance.

23. At that time, Plaintiff contacted Discover and inquired why his student loan debt remained so high when he had made several payments before each of the forbearance periods.

24. Discover advised Plaintiff that in spite of its prior representations to the contrary, that each of the students had been accruing interest while he was in school and that the payments due and owing on the monthly statements included the accrued interest amounts that had accrued while he was in school.

25. Plaintiff reminded Discover's representative that he had previously been told that no interest would accrue on any of the loans while he was in school, and the representative replied, "*sorry there is nothing they can do about what he was told previously*".

26. In addition, Defendant Discover is incorrectly and inaccurately reporting to the credit bureaus that Plaintiff's student loan debt is far in excess of what it should be given that he was specifically told that no interest would accrue while he was in an in-school forbearance

**V.**

**COUNT ONE – NEGLIGENT VIOLATIONS OF THE
FAIR CREDIT REPORTING ACT**

27. Plaintiff realleges paragraphs 1-26 above as if fully recited verbatim.

28. As alleged herein, *supra*, Plaintiff contacted Discover to inquire why his student loan debt was so high when he had made numerous payments after he graduated college and while he was enrolled in law school, and why that information was being reported on his credit bureau

files as late, past due or delinquent, when he was told that the student loans would not accrue interest while Plaintiff was in school full-time.

29. Numerous representatives of Discover had previously confirmed to Plaintiff that no interest would accrue while he was at least a part-time student, a fact that Plaintiff relied upon when he decided to apply.

30. Defendant Discover negligently failed to review all relevant information available to it in conducting its investigation of Plaintiff's inquiries as required by 15 U.S.C. §1681s-2(b). Specifically, Defendant Discover has reported and overstated the amounts due under each loan to the credit bureaus for the trade line.

31. The errant trade line is inaccurate and creating a misleading impression on Plaintiff's credit report.

32. As a direct and proximate cause of Defendant Discover's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

33. Defendant Discover is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorney's fees pursuant to 15 U.S.C. § 1681o.

34. Plaintiff has a private right of action to assert claims against Defendant Discover arising under 15 U.S.C. §1681s-2(b).

35. **WHEREFORE,** Plaintiff prays that this court grant him a judgment against Defendant Discover for the greater of statutory or actual damages, plus punitive damages, along with all costs, interest and attorney's fees incurred within the minimum jurisdictional limits of the Court.

**VI.**

## COUNT TWO – WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT DISCOVER

36.  Plaintiff realleges paragraphs 1-35 above as if fully recited verbatim.

37.  Defendant Discover is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its willful violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 U.S.C. §1681n.

38.  Defendant Discover willfully failed to review all relevant information available to it in conducting its investigation of Plaintiff's inquiries as required by 15 U.S.C. §1681s-2(b). Specifically, Defendant Discover has willfully reported and overstated the amounts due under each loan to the credit bureaus for the trade line.

39.  **WHEREFORE,** Plaintiff prays that this court grant him a judgment against Defendant Discover for the greater of statutory or actual damages, plus punitive damages, along with all costs, interest and attorneys' fees incurred within the minimum jurisdictional limits of the Court.

**VII.**

## COUNT THREE – COMMON LAW FRAUD BY DEFENDANT DISCOVER

40.  Plaintiff realleges paragraphs 1-39 above as if fully recited verbatim.

41.  The acts conduct and/or omissions of Defendant Discover as described herein, *supra*, also constitute common law fraud and are the proximate cause of the actual damages sustained and incurred by Plaintiff within the minimum jurisdictional limits of this Court.

42. Defendant Discover mislead Plaintiff and provided false statements of material fact to Plaintiff that the loans would not accrue interest during the forbearance period while he was enrolled at least part-time in school, and which statements Plaintiff relied upon to his detriment, and as a result Plaintiff has sustained damages in excess of the minimum jurisdictional limits of the Court in the form of excessive interest and charges being demanded that should not have accrued based upon the representations made to him by Defendant Discover, as well as improper amounts claimed due and owing as reported to the credit bureaus.

43. As each of the acts, conduct and/or omissions of Defendant Discover as described herein that constitute common law fraud were committed intentionally, knowingly and/or with malice, or a conscious indifference as to the rights of Plaintiff, Plaintiff is entitled to and hereby seeks an award of exemplary damages in excess of the minimum jurisdictional limits of this Court.

44. **WHEREFORE,** Plaintiff prays that this court grant him a judgment against Defendant Discover for all actual damages, plus punitive damages along with costs, interest and reasonable attorney's fees incurred within the minimum jurisdictional limits of the Court.

## VIII.

## COUNT FOUR – VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT PIONEER

45. Plaintiff realleges paragraphs 1-44 above as if fully recited verbatim.

46. The acts, conduct, or omissions of Defendant Discover as described herein, *supra*, also constitute violations of the Federal Fair Debt Collection Practices ACT ("FDCPA") and are a producing cause of the actual damages sustained and incurred by Plaintiff in excess of the minimum jurisdictional limits of this Court.

47. At all material times hereto, Defendant Discover was acting in its capacity as a third-party debt collector attempting to collect a debt due another (original debt was owned by

Citibank), who made false representations of material fact to Plaintiff concerning the indebtedness it was attempting to collect, and misrepresented the character, amount or extent of the indebtedness to be collected in violation of the FDCPA, 15 U.S.C. §1692f(2)(A) and (B), and which false representations Plaintiff relied upon to his detriment, and which detrimental reliance was the proximate cause of the actual damages sustained and incurred by Plaintiff in the form of excess interest claimed due and owing and damages to his credit reputation in excess of the minimum jurisdictional limits of this Court.

48. **WHEREFORE,** Plaintiff prays that this court grant him a judgment against Defendant Discover for all actual damages, statutory damages, plus punitive damages along with costs, interest and reasonable attorney's fees incurred within the minimum jurisdictional limits of the Court.

## IX.

## PRAYER FOR RELIEF

49. Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant Discover:

    a. Actual damages; and/or

    b. Statutory damages; and/or

    c. Statutory costs and attorney's fees; and/or

    d. exemplary and/or punitive damages for the Defendant's willful violations of the Fair Credit Reporting Act and Fair Debt Collection Practices Act.

## X.

## JURY DEMAND

50. Plaintiff hereby demands a trial by jury.

Respectfully submitted,

*/s/ John G. Helstowski*
John G. HelstowskI
Texas State Bar No. 24078653
**J. GANNON HELSTOWSKI LAW FIRM**
5209 Heritage Ave., Suite 510
Colleyville, TX 76034
Telephone: (817) 382-3125
Facsimile: (817) 382-1799
Email: jgh@jghfirm.com
Attorney for Plaintiff Erik Buchler

**PLAINTIFF'S COMPLAINT-ERIK BUCHLER**